## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

DAVID LEE CHAFFIN,                        )
                                          )
                   Plaintiff,             )
                                          )
v.                                        )    Case No. CIV-21-043-JFH-JAR
                                          )
COMMISSIONER OF THE SOCIAL                )
SECURITY ADMINISTRATION,                  )
                                          )
                   Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff David Lee Chaffin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings consistent with this Report and Recommendation.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 62 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked

in the past as a machinist, machine shop supervisor, and consultant. Claimant alleges an inability to work beginning March 7, 2016 due to limitations resulting from a long list of physical and mental conditions. (Tr. 15).

## Procedural History

On May 12, 2016, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 7, 2017, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing. On September 13, 2017, the ALJ issued an unfavorable decision. However, on July 6, 2018, the Appeals Council remanded the matter to the ALJ for further administrative proceedings, including an evaluation of new evidence, reconsideration of Claimant's residual functional capacity, and consideration of Claimant's age.

On December 19, 2018, the ALJ conducted a further administrative hearing with Claimant and his representative in attendance. On March 27, 2029, the same ALJ issued another unfavorable decision. On September 14, 2019, the Appeals Council denied review. Thereafter, Claimant appealed to this Court

4

resulting in a reversal and remand on Defendant's motion for further administrative proceedings to properly evaluate the opinion of the treating physician's opinion.

On September 22, 2020, ALJ J. Leland Bentley conducted a third administrative hearing attended by Claimant and his representative.  On October 20, 2020, the ALJ issued a third unfavorable decision.  As a result, the latest decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he retained the RFC to perform medium work and jobs were available in the economy that he could perform.

### Errors Alleged for Review

Claimant asserts the ALJ erred in failing to properly evaluate the medical opinions of his treating physician.

### The ALJ's Decision

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease; osteoarthritis; depression; and anxiety. (Tr. 1340).  The ALJ

5

found Claimant retained the RFC to perform medium work except he
was able to understand, remember, and apply simple and detailed
multi-step instructions and concentrate and persist for extended
periods in order to complete simple and detailed multi-step work
tasks with routine supervision.  The ALJ also determined Claimant
could interact with and respond appropriately to others in a stable
work setting; however, he would be limited to occasional work-
related contact with the general public, and was able to adapt to
a routine work setting where changes are infrequent, well-
explained and introduced gradually.  (Tr. 1344-45).  With this
RFC and after consulting with a vocational expert, the ALJ
concluded that Claimant could not perform his past relevant work,
but that he retained the RFC to perform the representative jobs of
Motor Vehicle Assembler, Machine Packager, and Laundry Worker I.
(Tr. 1359).  Based upon these findings, the ALJ concluded that
Claimant had not been under a disability from March 7, 2016 through
the date of the ALJ's decision.  (Tr. 1360).

**Evaluation of the Treating Physician's Opinion Evidence**

Claimant contends the ALJ erred in evaluating the medical
opinion of Dr. Khalid A. Khan, his treating physician.  Dr. Khan
authored a handwritten note dated June 5, 2017 addressed to "to

6

whom it may concern" which stated "will advise Mr. Chaffin not to lift push/pull more than 15-20 lbs." (Tr. 884). He also set out in his treatment notes that Claimant should not lift, push, pull more than 10-15 lbs. and should "[a]void Long sitting, standing, walking more than 20-25 minutes in one setting (sic)." (Tr. 792, 1311-12, 1321, 1325, 1329, 1333).

In his decision, the ALJ acknowledged that Dr. Khan had "opined consistently, a number of times" the above functional limitations. He gave the opinion "little weight" finding the opinion was "not consistent with the longitudinal record of evidence, including a comprehensive physical exam from January 2020 that revealed no significant abnormalities and other more recent physical exams, noted herein, that reflect normal musculoskeletal and neurological findings on exam." (Tr. 1356). The ALJ found Dr. Khan's opinion was "somewhat consistent" with that of Dr. Royder, "who was able to examine the claimant and opined he could not work on cars or lift and carry more than 10 lbs." He rejected both Dr. Khan's opinion and that of Dr. Royder as "inconsistent with the 4 State Agency medical consultants who opined the claimant was less limited." In doing so, the ALJ stated that he considered the fact that the State Agency medical

consultants were not able to personally examine the claimant and the consultants and examining physicians were not able to review all of the evidence presented at the hearing level. The ALJ also recognized that the record contained "significant abnormalities" including positive straight leg raise testing, decreased range of motion, tenderness, decreased sensation, "etc." and balanced those findings against "other normal findings" such as normal gait and normal strength and "other completely normal exams" which are "more supportive of the assessment by the State Agency medical consultants at the initial and reconsideration level of the claimant's first application." (Tr. 1356).

The ALJ also noted improvement in Claimant's medication management and Dr. Khan's regular instructions to exercise. The ALJ noted that Claimant had been able to walk up a flight of stairs without difficulty in August of 2018 and rated his pain at 4/10 or lower with medication. He also found Claimant engaged in various activities of daily living which were inconsistent with Dr. Khan's and Dr. Royder's opinions on limitation, including lifting a spare tire, cutting down a tree, and traveling out of state. Id.

The ALJ next addressed the State Agency medical consultants' opinions at the initial and reconsideration level and gave those

8

opinions "little weight."  These opinions, according to the ALJ,
found Claimant had no severe physical impairments which he found
to be "inconsistent with the longitudinal record of evidence,
including Dr. Khan and Dr. Royder's medical records which denote
decreased range of motion, decreased sensation, spasms, and
tenderness, as well as imaging of the claimant's back denoted on
multiple occasions revealing degenerative disc disease."  The ALJ
noted that Claimant had received narcotic medication which
indicated more severity in his condition than opined by the State
Agency physicians.

The ALJ then turned to the January 2020 comprehensive physical
exam which was referenced as a basis to reject Dr. Khan's opinion.
He recognized the findings of Dr. Moore, the physician who
conducted the examination, that Claimant would have very few
limitations and would be able to perform most jobs, "but might
struggle more with sitting for a prolonged period of time versus
standing for a prolonged period of time."  The ALJ found this
opinion "only partially persuasive."  He determined that the
opinion was "generally supported by his own primarily benign
physical exam observations" but that Dr. Moore had only personally
examined Claimant once.  Nevertheless, the ALJ found the

examination was "supportive of the claimant's improvement with adherence to conservative treatment" but he did not find that the opinion was "consistent with or indicative of the claimant's impairments over the longitudinal record." He "found the claimant further limited." (Tr. 1357).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).[2]

Other than stating that he "considered the treating source

---

2 The application in this case were filed prior to March 27, 2017 and, therefore, the new regulations governing the evaluation of opinion evidence in Social Security cases do not apply.

relationship of Dr. Khan and Dr. Royder," the ALJ generally gives Dr. Khan's opinion little consideration as that of a treating physician, entitled to greater consideration than the State Agency consultants whose opinions he, in part, adopts. Moreover, the record reveals numerous objective examination findings of limitations including positive and painful straight leg raising, decreased range of motion in the lumbar spine, lumbar tenderness and spasms, positive lumbar facet loading, concordant pain on a discogram study, weakness with diminished reflexes and sensation in the right lower extremity, left elbow mobility problems, restricted lumbar mobility, hand edema, and joint tenderness from 2017 through 2020. The ALJ does not explain how his "balancing" of these objective findings of physical limitations with the relatively few findings of a normal gait and strength results in a determination of less restrictions upon his ability to engage in basic work activities. (Tr. 791, 902, 1004, 1019, 1030, 1084, 1311, 1315, 1320, 1324, 1328, 1332, 1889-92, 1954, 2071).

The ALJ also relied upon Claimant's pain report to indicate less restrictive physical limitations. Despite this fact, Dr. Qualls Stevens recommended surgical intervention should Claimant's pain no longer be capable of management through medication. (Tr.

902-03).

Curiously, the ALJ relies upon the findings of the January 2020 examination report by Dr. Moore to find no significant abnormalities but rejects the report insofar as it found "few limitations" and that Claimant could perform most jobs. This rejection was based largely upon Dr. Moore only examining Claimant on one occasion. Yet, the examination findings from that one occasion were sufficient for the ALJ to adopt. This seeming inconsistency troubles this Court. (Tr. 1356-57). In none of these analyses of consultative or examining physicians' opinions does the ALJ provide a sufficient basis for rejecting the controlling weight which is required to be afforded a treating physician's opinion such as Dr. Khan. Accordingly, the case will be remanded to Defendant for further evaluation of Dr. Khan's opinion and the other opinion evidence in light of the required standard for evaluation of the opinion of Dr. Khan as a treating physician. The ALJ shall provide a specific basis for rejecting Dr. Khan's opinion since it appears to be largely supported by the objective testing evidence.

## Conclusion

The decision of the Commissioner is not supported by

substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** for further proceedings consistent with the decision reflected herein.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with the Clerk of the court. Failure to object to the Report and Recommendation within fourteen (14) days will preclude review of this decision by the District Court.

DATED this 12th day of September, 2022.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

14