IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID LEE CHAFFIN,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. CIV-21-043-JFH-JAR
                              )
COMMISSIONER OF THE SOCIAL    )
SECURITY ADMINISTRATION,      )
                              )
            Defendant.        )

**FINDINGS AND RECOMMENDATION**

This matter comes before this Court on the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Gayle Troutman of the firm Troutman & Troutman, PC, Counsel for Plaintiff (Docket Entry #31). This Motion was referred to the undersigned by Order of United States District Judge John F. Heil, III for the entry of Findings and a Recommendation on the disposition of counsel's Motion.

Counsel requests that she be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $15,952.50. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge ("ALJ") presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

The previous iteration of this case resulted in a reversal of the ALJ's decision and remand for further proceedings on

Defendant's Motion.  *See* Chaffin v. SSA, CIV-19-384-RAW-KEW.  In that case, EAJA attorney fees were awarded in the amount of $5,844.90.  Upon remand to Defendant, a further adverse decision was entered which resulted in counsel filing this case.  After briefing, the ALJ's decision was once again reversed and the case was remanded for further proceedings by Order and Judgment entered September 28, 2022.  In compensation for his services, Plaintiff's counsel was awarded EAJA fees in the amount of $6,916.60.  On remand, Plaintiff received a favorable decision from Defendant and was awarded past due benefits in the amount of $63,810.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A).  As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant=s attorney.  42 U.S.C. § 406(a)(4).  The Tenth Circuit Court of Appeals has determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a).  Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008).  The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of §

2

406(b).

Defendant states that it has no financial stake in the fee request and, therefore, takes no position on whether the fees should be allowed. Defendant acknowledges that it is in the purview of the Court to determine the reasonableness of the fee requested. This Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained.

Additionally, the request for § 406(b) fees must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). <u>McGraw v. Barnhart</u>, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. <u>Id</u>. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner=s decision awarding benefits." <u>Id</u>. (citation omitted).

In this case, the Notice of Award was issued by Defendant on October 8, 2023 which counsel states he received on October 13, 2023. Counsel filed the subject Motion on November 16, 2023. This Court concludes that counsel was diligent and timely in filing the request for § 406(b) compensation.

3

Counsel raises an issue concerning the source of the funds to compensate him for the § 406(b) fees awarded herein. The Social Security Administration has withheld 25% of the past due benefits for the payment of all fees – agency fees and § 406(b) fees to counsel. From the $15,952.50, a request for payment of fees incurred by a non-attorney representative appearing before the Social Security Administration has been filed in the amount of $9,800.00. Both the § 406(b) fees awarded here and the agency fees may be paid through the amount withheld by the agency from the past due benefits. However, if after payment of the agency fee insufficient funds remain with the Social Security Administration in the hold back amount from the past due benefits "to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference." Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).

Since it appears there with be insufficient funds withheld by the Social Security Administration to pay the § 406(b) fees after the agency fee is paid, counsel requests that the EAJA fees – which normally would be required to be refunded to Plaintiff - be used to make up the deficiency. This is a matter between counsel and his client. This Court will only award the § 406(b) fee, finding it reasonable. The regulations provide for the Social Security Administration to hold back the 25% for the payment of fees which it may do so in this case. The collection of the remainder of the

fee due counsel from Plaintiff may be accomplished by whatever agreement counsel reaches with his client.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Gayle Troutman of the firm Troutman & Troutman, PC, Counsel for Plaintiff (Docket Entry #31) be **GRANTED** and Plaintiff's counsel be awarded fees in the amount of $15,952.50 to be paid by Defendant directly to counsel from the amount of past due benefits withheld for that purpose, to the extent available. Per counsel's request, payment shall be made to Steve A. Troutman as counsel for Plaintiff.

IT IS FURTHER RECOMMENDED that Plaintiff's counsel be ordered to refund the smaller amount between any EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986). This requirement is, of course, subject to the negotiation between Plaintiff and his counsel for the payment of the fees.

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the Court. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court.

DATED this 30th day of November, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE